**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**


| | | |
|---|---|---|
| **MARK E. PRINDLE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:10-CV-1217-B-BK** |
| | ) | |
| **JEFF LEWIS, et al.,** | ) | |
| **Defendants.** | ) | |


**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the United

States Magistrate Judge.  For the reasons discussed below, the Court recommends dismissing the

majority of the claims with prejudice as frivolous and allowing Plaintiff to amend his complaint

to re-plead three of his claims.  The findings, conclusions and recommendation of the Court are

as follows:

**I. BACKGROUND**

This is a civil action brought by a federal prisoner, Mark. E. Prindle, pursuant to various

statutes.  Defendants are (1) Jeff Lewis, (2) John McCormick, (3) the Zander Group, (4)

Midnight Rodeo Franchise Co., LLC, (5) Jeanetta Titterington, (6) Christy Spigner, (7) Edward

Jones, a Missouri corporation, (8) Hernandez Financial, Inc., (9) Mike Hernandez, and (10)

Person Financial Services, Inc.  (Doc. 7 at 1-12).  In Prindle's amended complaint, as

supplemented by his responses to the magistrate judge questionnaire and the RICO case

statement questionnaire, Prindle alleges essentially two causes of action, as will be detailed

below.  He relies on federal question jurisdiction to support his numerous claims based on federal

law violations, and he raises a number of pendant state law claims as well.  (Doc. 7 at 2; Doc 11 at 4-5; Doc. 12 at 1-3, 7-8).  The legal causes of action will be discussed in detail following a recitation of the relatively straightforward facts underlying this complaint.

Prindle claims that he received an inheritance from his grandmother, which he used to fund an account with Edward Jones, an investment firm.  (Doc. 7 at 2-3).  In September 2005, employees of Edward Jones convinced him to invest approximately $70,000 in a speculative restaurant venture called Midnight Rodeo, which planned to open a location in Grapevine, Texas.  (*Id.* at 3).  The restaurant never opened, and Prindle learned in March 2010 that he had lost all of his money.  (*Id.* at 3-4).  He alleges that Edward Jones brokers did not provide him with a "Blue Sky" memorandum and misled him into making a bad investment.  (*Id.* at 5).

Separately, Prindle alleges that after he was incarcerated on federal drug charges in January 2006, he gave his girlfriend, Spigner, limited power of attorney over his financial affairs.  (*Id.* at 4).  Spigner abused her authority by forging over $17,000 worth of checks drawn on his Edward Jones account from February to March 2006 and sending funds via wire to Titterington's bank account.  (*Id.* at 4).  Prindle alleges that Edward Jones employees did nothing to stop the theft.  (*Id.* at 4, 6-7).

## II.  PRELIMINARY SCREENING

Because Prindle has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim

lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *id.* at

327, and even the most sympathetic reading of the pleadings uncovers no theory or facts that

would subject the defendants to liability. *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.

1986). Because Prindle is proceeding *pro se*, the Court applies less stringent standards to his

pleadings than to parties represented by counsel and will liberally construe those pleadings.

*Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

## III.    ANALYSIS

Given Prindle's citation to numerous federal and state causes of action in his complaint,

the Court directed Prindle to provide further detail about his claims in response to a magistrate

judge questionnaire and a RICO Case Statement Order. (Docs. 8, 9). Instead of narrowing and

clarifying his claims, however, Prindle now has provided a laundry list of additional statutory

bases to support his allegations. (Doc. 11 at 5; Doc. 12 at 2-3, 7). This section of the

recommendation will address Prindle's citations to various federal and state statutes and discuss

the reasons each claim purported to be brought under those sections should be dismissed.

### A.    Non-Existent Statutes

As a preliminary matter, Prindle cites to various non-existent statutes to support some of

his claims, namely 15 U.S.C. § 77a (e), (g)-(h), (j-l), and (w); 17 U.S.C. § 78(z); 28 U.S.C.

§ 2314; and "§ 17(a)(b)(2)(5)(7)(9)(10)(12)(14)(24)" of the Texas Deceptive Trade Practices Act

("TDTPA"). (Doc. 7 at 2; Doc. 11 at 5). However, there are no such sections, and the Court

cannot discern which sections Prindle might have intended to refer to. Thus, any claims under

these purported statutes should be dismissed as frivolous.

**B.      Criminal Statutes**

In his complaint and supporting documentation, Prindle claims that the Defendants have violated 18 U.S.C. §§ 1341, 1343, 1348, 1951, 1961, 1963, 2311, and 2315, which are federal criminal statutes governing the crimes of robbery, forgery, fraud, sale and receipt of stolen property, and criminal racketeering. (Doc. 7 at 2; Doc. 11 at 5; Doc. 12 at 1-3, 7). He also cites to Texas Penal Code §§ 16.02, 31.03, 31.11, 32.21, 32.32, and 32.51 in support of pendant state law causes of action based on the theft of his money by Midnight Rodeo, Jones, Spigner and Titterington. (Doc. 12 at 2-3). These Texas code sections prohibit unlawful interception of communications, theft, tampering with identification numbers, forgery, making false statements to obtain property, and fraudulent use of identifying information, respectively.

Liberally construing these citations as an attempt by Prindle to bring a private cause of action under state and federal criminal statutes, his claims must fail. In order for a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975). Nothing in any of these sections indicates that they are anything more than "bare criminal statute[s]," and the laws do not suggest that civil enforcement of any kind is available to anyone. *Id.* at 79-80; *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another). Thus, the statutes do not provide for a private right of action, and corrective process under them lies within the discretion of the state and federal governments. Accordingly, these claims should be dismissed as frivolous.

## C. Civil RICO Claims

Prindle next cites as authority for his complaint 18 U.S.C. §§ 1962-1968, which sections govern federal civil racketeering actions. (Doc. 7 at 2). Civil claims under 18 U.S.C. § 1962 must allege the existence of "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Id.* The predicate acts can be either state or federal crimes. *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir.), *cert. denied*, 129 S.Ct. 2835 (2009).

Prindle alleges two different RICO conspiracies involving two enterprises – one enterprise is alleged to exist between Edward Jones and Midnight Rodeo, and one is alleged to exist between Edward Jones, Titterington, and Spigner. (Doc. 12 at 4-5). He contends that the actions of the Edward Jones/Midnight Rodeo enterprise in losing his investment money is one racketeering activity, and the acts of the Edward Jones/Spigner/Titterington enterprise in stealing money out of Prindle's account is another racketeering activity, thereby establishing a pattern of activity under the civil RICO laws. (*Id.* at 5).

For purposes of civil RICO liability, an enterprise is a group of persons or entities associating together for the common purpose of engaging in a course of conduct. *United States v. Turkette*, 452 U.S. 576, 583 (1981). The enterprise may be either a legal entity or a "union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To avoid dismissal for failure to state a claim, a civil RICO plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise. *Elliott v. Foufas*, 867

F.2d 877, 881 (5th Cir. 1989). The enterprise must be an entity "separate and apart from the pattern of activity in which it engages." *Id.* (citation omitted). If the enterprise alleged is an "association in fact" enterprise, the plaintiff must demonstrate the existence of an "ongoing organization, formal or informal, that functions as a continuing unit over time through a hierarchical or consensual decision-making structure." *Id.*

Putting aside the Court's belief that Prindle's losing money in a bad investment could not even qualify as predicate criminal act under section 1962, there are other serious problems with Prindle's civil RICO case. In particular, he does not assert that either of the associations that he claims are "enterprises" existed for any purpose other than to commit the predicate offenses. The mere fact that individuals might have joined together to defraud Prindle, however, is insufficient to state a civil RICO claim. *Id.* Further, given the facts that he has pled, Prindle cannot demonstrate that either the Edward Jones/Midnight Rodeo association or the Edward Jones/Titterington/Spigner association constitutes an ongoing organization that functions through a decision-making structure. *Id.* Thus, any claim that Prindle purports to raise under 18 U.S.C. § 1962 should be dismissed as frivolous.

The remainder of the civil RICO statutes Prindle cites govern procedural matters in such actions. *See* 18 U.S.C. § 1964 (providing the civil remedies available for, and district court jurisdiction over, section 1962 violations); 18 U.S.C. § 1965 (governing venue and process procedures for civil and criminal actions that fall under section 1964); 18 U.S.C. § 1966 (providing for expedited civil actions in any RICO case filed by the government); 18 U.S.C. § 1967 (giving the court discretion to have the proceedings be open or closed to the public); 18 U.S.C. § 1968 (providing the government with power to make investigative demands in civil or

criminal RICO cases that it institutes).  Thus, any claims Prindle purports to raise under these

sections also should be dismissed as frivolous.

      **D.**      **Securities Claims**[1]

      1.  *15 U.S.C. § 77*

Prindle first cites to 15 U.S.C. § 77 in support of his claims.  (Doc. 11 at 5).  This section

is titled "Discrimination against neutral Americans in time of war" and has no applicability to

this case.  Liberally construing his response to the magistrate judge questionnaire, however,

Prindle may be trying to state a claim under 15 U.S.C. § 77a which is the short title section of the

Securities Act of 1933.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts

should liberally construe *pro se* pleadings).  However, this statute merely contains the short title

of the Act and provides no private cause of action.  Thus, any purported claim under this statute

should be dismissed as frivolous.

      2.  *15 U.S.C. §§78 i, et seq.*

Additionally, Prindle lists 15 U.S.C. §§ 78 (i), (j), (m), (o), (r), (t), (u), (w), (z) as statutes

he is suing under.  (Doc. 11 at 5).  However, there is no Section 78 to Title 15, let alone any such

subsections.  Nevertheless, liberally construing Prindle's pleading, he could be referring to 15

U.S.C. §§78i, 78j, 78m, 78o, 78r, 78t, 78u, 78w, and 78z.  *See Haines*, 404 U.S. at 520.  Most of

these sections do not assist his case, however.  Section 78i prohibits the manipulation of security

prices, but Prindle does not allege that security prices were manipulated, just that he was cheated

---

[1] Given the nature of this group of claims, Prindle can only be attempting to state a cause
of action based on securities laws against those defendants who are alleged to be involved in the
failed Midnight Rodeo venture.  Thus, this section of the recommendation does not relate to
Spigner and Titterington.

by a bad investment. This claim should be dismissed as frivolous.

Sections 78m, 78o, and 78u are lengthy statutes with numerous subsections, and Prindle does not specify under which subsection his causes of action arise. Prindle's citation to the entirety of these statutes is overbroad and in violation Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a litigant provide a short and plain statement of the grounds for the court's jurisdiction and of the claim showing that he is entitled to relief, thereby giving the defendants fair notice of what his claim is and the grounds on which it rests. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Nevertheless, even considering on the merits whether Prindle can state a claim under these sections, the statutes do not advance his cause. First, section 78m generally governs the reports that must be filed with the Securities Exchange Commission ("SEC") by issuers of securities. This section provides no cause of action to Prindle though because he does not allege that any of the Defendants failed to file the proper reports with the government. Section 78o requires registration and regulation of brokers and dealers in securities, but Prindle does not allege that any of the Defendants in this case failed to properly register, and any cause of action under this section also must fail. Additionally, section 78u provides the SEC with authority to investigate securities violations and take appropriate legal action, and there is no indication that the statute provides a private cause of action to an investor against a broker or dealer in securities. Thus, any claims under these sections should be dismissed as frivolous.

Section 78r governs the liability of securities dealers for making false and misleading statements in documents filed pursuant to the Securities Act which resulted in a person relying on that statement to purchase or sell a security at a price which was affected by such statement. This

section does provide a private cause of action. However, Prindle does not allege that any of the Defendants made false and misleading statements in documents upon which he relied. In fact, he alleges the opposite, namely that he was not provided with any written documentation regarding the Midnight Rodeo investment. (Doc. 7 at 5). Thus, he cannot state a claim under 15 U.S.C. § 78r, and this claim should be dismissed with prejudice as frivolous.

Next, Section 78t provides that controlling persons as well as persons who aid and abet securities violations are liable to the same extent for (1) hindering the making or filing of any legally required document with the SEC and (2) trading in securities while in possession of material nonpublic information. Prindle does not allege, however, that any of the Defendants hindered the filing of any SEC documentation, nor does he claim that any of them engaged in insider trading. Therefore, he states no cause of action under this statute, and this claim should be summarily dismissed with prejudice.

Prindle also cites to 15 U.S.C. § 78w, which details the power of the SEC and Federal Reserve to make rules and regulations and provides that they must make annual reports to Congress. However, Prindle makes no allegations whatsoever that the SEC and Federal Reserve have failed to act properly under this statute nor has he named those entities as defendants. Therefore, any claim he purports to raise under this section should be dismissed with prejudice as frivolous. Similarly, Prindle's reliance on 15 U.S.C. § 78z is misplaced because that statute provides that a seller of a security cannot represent that the SEC's or Federal Reserve's actions or failures to act can be construed as either entity having approved any secured transaction, but Prindle does not allege that any of the Defendants made such a representation. Thus, this claim should be dismissed with prejudice as frivolous.

Finally, Prindle claims that the Defendants violated 15 U.S.C. § 78j and its rule counterpart, Rule 10b-5, which is codified at 17 C.F.R. § 240.10b-5. (Doc. 7 at 5). These laws prohibit manipulation and the use of deceptive devices in connection with the purchase or sale of securities. In order to state a claim for fraud under section 78j, more commonly referred to as Section 10(b) of the Securities Exchange Act, and Rule 10b-5, a plaintiff must allege, in connection with the purchase or sale of securities, (1) a misstatement or an omission (2) of a material fact (3) made with scienter (4) on which the plaintiff relied (5) that proximately caused the plaintiff's injury. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 641 (5th Cir. 2005).

A plaintiff in a securities fraud case must, for "each act or omission alleged" to be false or misleading, "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Flaherty v. Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 207 (5th Cir. 2009). The heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure is incorporated into the pleading standard for federal securities fraud claims. *Id.* at 206-07. Thus, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED.R.CIV.P. 9(b). Accordingly, Prindle must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty*, 565 F.3d at 207 (citation omitted).

Scienter, in the securities fraud context, is "an intent to deceive, manipulate, or defraud or that severe recklessness in which the danger of misleading buyers or sellers is either known to the defendant or is so obvious that the defendant must have been aware of it." *R2 Invs. LDC*, 401 F.3d at 643. The inference of scienter must ultimately be "cogent and compelling," not merely

"reasonable" or "permissible." *Flaherty*, 565 F.3d at 208.

In this case, Prindle has failed to state a claim under Rule 10b-5 and Section 10(b) because he did not allege with particularity the allegedly fraudulent statements, who made the statements, when and where the statements were made, and why the statements were fraudulent. *Id.* at 208. Further, he has not made a sufficient scienter allegation against any of the Defendants. *R2 Invs. LDC*, 401 F.3d at 643. Accordingly, this claim should be dismissed, but Prindle should be allowed a final opportunity to amend his complaint to re-plead the claim. *See generally Schultea v. Wood*, 27 F.3d 1112, 1118 (5th Cir. 1994) (noting that the district court should allow a plaintiff an opportunity to plead a cognizable case if such a case can be made).

3. *15 U.S.C. §§ 78aa, et seq.*

Next, Prindle cites to 15 U.S.C. § 78aa to support a cause of action, but this section merely sets forth the district court's jurisdiction and venue over securities offenses and lawsuits and does not provide a private cause of action. (Doc. 7 at 2); *Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979). Therefore, this claim should be dismissed as frivolous. Prindle also cites to 15 U.S.C. § 78bb, which essentially provides that federal securities laws are an additional right and remedy to those remedies already existing in equity. (Doc. 7 at 5). This statute merely (1) describes the nature of the remedies generally available under the Securities Act and (2) requires disclosure of the method of calculating commission payments earned by brokers and dealers; it does not provide an independent cause of action. *See Gould v. American-Hawaiian S.S. Co.*, 535 F.2d 761, 781 (3d Cir. 1976). Accordingly, any claim Prindle is attempting to bring under this statute should be dismissed as frivolous. Prindle next cites to 15 U.S.C. § 78ff as the basis for a claim, but that section merely contains the penalties associated with criminal securities violations

and civil causes of action brought by the SEC. (Doc. 7 at 5). Thus, this claim should be dismissed as frivolous because the statute provides no private cause of action.

4. *15 U.S.C. §§ 78aaa et seq.*

Additionally, Prindle cites to 15 U.S.C. §§ 78aaa-lll, which is the Securities Investor Protection Act of 1970. (*Id.*). He cites to the entire act, but never specifies the particular provision(s) he is suing under. This is overbroad and violates Rule 8(a) of the Federal Rules of Civil Procedure. *Oliver*, 276 F.3d at 741. Nevertheless, Prindle should be afforded an opportunity to amend his complaint to clarify exactly which sections of the Securities Investor Protection Act he is suing under. *See Schultea*, 27 F.3d at 1118.

### E.    V.T.C.A. Bus. and Comm. Code § 17.505

Finally, Prindle cites to section 17.505(a) of the TDTPA. (Doc. 7 at 2). The first problem with this purported cause of action is that he does not allege how any of the Defendants violated this statute. Secondly, section 17.505(a) merely sets forth the prerequisites a plaintiff must follow before filing suit under a wholly different section of the TDTPA, namely § 17.50(b). There is no separate cause of action under section 17.505(a). While Prindle may be attempting to raise a claim under section 17.50(b), he has not sufficiently pleaded such a claim, but should be given a final opportunity to amend his complaint in this regard. *See Schultea*, 27 F.3d at 1118.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** in part with prejudice as frivolous as set forth above. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). However, Prindle should be given one final opportunity to amend his complaint to re-plead his claims under (1) Rule 10b-5 and Section 10 of the Securities Act;

(2) a particular section of the Securities Investor Protection Act; and (3) V.T.C.A. Bus. and

Comm. Code § 17.50(b). If he fails to do so, those claims should be dismissed as well.

Signed on October 8, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE