IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK E. PRINDLE, # 33481-177,<br>　　　Plaintiff,<br><br>　v.<br><br>JEFF LEWIS, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>3:10-CV-1217-B (BK) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order filed on July 26, 2011, this case was referred to the United States Magistrate Judge for recommendation. For the reasons that follow, it is recommended that the *Second Supplemental Complaint* be dismissed with prejudice as frivolous and that Plaintiff's *Motion to Appoint Marshal to Serve Summons* be denied as moot.

**I. BACKGROUND**

Plaintiff, a federal prisoner proceeding *in forma pauperis,* filed a *pro se* civil action alleging numerous claims based on federal and state law violations stemming from the loss of investment money in an Edward Jones' account due to a speculative investment and forged checks written by his girlfriend. The District Court accepted the Magistrate Judge's detailed recommendation that the complaint be summarily dismissed with prejudice as frivolous, but that Plaintiff be granted one final opportunity to amend the complaint to re-plead his claims under (1) Rule 10b-5 and Section 10(b) of the Securities Act; (2) the Securities Investor Protection Act; and (3) the Texas Deceptive Trade Practices Act ("DTPA"), V.T.C.A. Bus. and Comm. Code §

17.50(b). (Doc. 13, 16.) Plaintiff has filed a *Second Supplemental Complaint* and a *Motion to Appoint Marshal to Serve Summons*.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his *Second Supplemental Complaint* is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's *Second Supplemental Complaint* with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the *Second Supplemental Complaint* is frivolous and/or fails to state a claim upon which relief can be granted.

### 1. Rule 10b-5 and Section 10(b) of the Securities Act

The Court granted Plaintiff leave to amend the complaint to allege with particularity a claim of fraud under Rule 10b-5 and 15 U.S.C. § 78j, more commonly referred to as Section 10(b) of the Securities Exchange Act. To allege fraud in connection with the purchase or sale of securities, a plaintiff must allege "'(1) a misstatement or an omission (2) of a material fact (3) made with scienter (4) on which the plaintiff relied (5) that proximately caused [the plaintiff's]

injury.'" *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 641 (5th Cir. 2005) (quoted case omitted).

For "each act or omission alleged" to be false or misleading, a plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Flaherty &. Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quotations and quoted case omitted), *cert. denied*, 130 S. Ct. 199 (2009). The heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure is incorporated into the pleading standard for federal securities fraud claims. *Id.* at 206-07. Thus, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The plaintiff must "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty*, 565 F.3d at 207 (quoted cases omitted).

Scienter, in the securities fraud context, is defined as an "'intent to deceive, manipulate, or defraud or that severe recklessness in which the danger of misleading buyers or sellers is either known to the defendant or is so obvious that the defendant must have been aware of it.'" *R2 Invs. LDC*, 401 F.3d at 643 (quoted case omitted). "The inference of scienter must ultimately be 'cogent and compelling,' not merely 'reasonable' or 'permissible.'" *Flaherty*, 565 F.3d at 208 (quoted case omitted).

The *Second Supplemental Complaint* fails to meet the heightened pleading requirement. Plaintiff does not allege with particularity the allegedly fraudulent statements, who made the statements, when and where the statements were made, and why the statements were fraudulent. *Flaherty*, 565 F.3d at 207. He merely states that the Defendants falsely represented to him that

the Midnight Rodeo business venture was "fully funded," except for the grand opening event, and that he detrimentally relied on that false representation in making his $70,000 investment. (Doc. 20 at 1.)  In addition, Plaintiff does not make a sufficient scienter allegation against any of the Defendants.  *R2 Invs. LDC*, 401 F.3d at 643.  His *Second Supplemental Complaint* alleges only that the Defendants "knew . . . [the representation ] was false" and that they "made the representation recklessly . . . with the intent that the Plaintiff act on it."  (Doc. 20 at 1.)

Because Plaintiff's allegations do not raise a right to relief above the speculative level, his fraud claim under Section 10(b) and Rule 10b-5 is not plausible on its face and should be dismissed with prejudice for failing to state a claim on which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

    2.    **Securities Investor Protection Act**

Plaintiff's claims under the Securities Investor Protection Act fare no better.  The Court granted Plaintiff leave to amend the complaint to clarify exactly which section(s) of the Securities Investor Protection Act, he was suing under.  The *Second Supplemental Complaint* purports to raise a claim based on Plaintiff's status as a "customer" of Edward Jones and requests "direct payment of his claim."  (Doc. 20 at 3-4.)  In support, Plaintiff cites 15 U.S.C. §§ 78lll(2) and 78fff-4(a), the definition and direct payment sections respectively.  (*Id.*)  Neither provision, however, supports a cause of action under the Securities Investor Protection Act.  Therefore, Plaintiff's claims under the Securities Investor Protection Act fail to raise an arguable basis in law and should be dismissed with prejudice as frivolous.

    3.    **Texas Deceptive Trade Practices Act**

Having recommended dismissal of all claims over which the Court has federal question

jurisdiction, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's claims under the Texas Deceptive Trade Practices Act, V.T.C.A. Bus. and Comm. Code § 17.50(b). *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"). Accordingly, Plaintiff's state-law claims under the Texas Deceptive Trade Practices Act should be dismissed without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims under the Securities Investor Protection Act be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), that his claims under Rule 10b-5 and Section 10(b) of the Securities Act be **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and that Plaintiff's state law claims under the Texas Deceptive Trade Practices Act be **DISMISSED** without prejudice under 28 U.S.C. § 1367(c)(3). The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

Additionally, in light of this Court's finding that Plaintiff's claims are without merit, it is further recommended that his *Motion to Appoint Marshal to Serve Summons* (Doc. 26) be

---

[1] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**DENIED** as moot.

SIGNED August 24, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE